**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **WILLIAM SCOTT GARRISON, #814619** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.  4:22cv342** |
| | § | |
| **DIRECTOR, TDCJ-CID** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Petitioner William Scott Garrison, an inmate confined in the Texas prison system, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge Kimberly C. Priest Johnson for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

## I.  PROCEDURAL BACKGROUND

Petitioner is challenging his Grayson County conviction for obstruction or retaliation. Cause No. 060031. Petitioner pled guilty, and on March 15, 2011, a jury sentenced him to sixty years' imprisonment. Petitioner filed an appeal, and on August 16, 2012, the appellate court affirmed Petitioner's conviction. *Garrison v. State*, No. 05-11-00514-CR, 2012 WL 3517317 (Tex. App. Aug. 16, 2012). Petitioner did not file a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals ("TCCA").

Petitioner has filed five applications for state habeas corpus relief related to his Grayson County conviction. Petitioner filed his first application on February 21, 2013, which the TCCA denied without written order on December 4, 2013. *Ex parte Garrison,* No. WR-38,786-03. Petitioner filed his second application on April 8, 2020, which the TCCA dismissed as subsequent,

1

pursuant to Tex. Code Crim. Proc. art. 11.07, § 4(a)-(c), on June 17, 2020. *Ex parte Garrison,* No. WR-38,786-06. Petitioner filed his third application on August 3, 2020, which the TCCA dismissed as subsequent, pursuant to Tex. Code Crim. Proc. art. 11.07, § 4(a)-(c), on September 9, 2020. *Ex parte Garrison,* No. WR-38,786-07. Petitioner filed his fourth application on October 7, 2020, which the TCCA dismissed as subsequent, pursuant to Tex. Code Crim. Proc. art. 11.07, § 4(a)-(c), on January 6, 2021. *Ex parte Garrison,* No. WR-38,786-11. Petitioner filed his fifth application on March 31, 2022. Cause No. 060031-E. The state habeas court entered findings of facts and conclusions of law on April 1, 2022. Cause No. 060031-E. The TCCA has yet to rule on the application.

Prior to filing the second state writ, Petitioner filed a federal habeas corpus action pursuant to 28 U.S.C. § 2254 on December 20, 2013, which was denied and dismissed with prejudice. *Garrison v. Dir., TDCJ-CID*, No. 4:14-CV-113 (Dkts. ## 19, 21, 22).

Petitioner filed a second federal habeas corpus action pursuant to 28 U.S.C. § 2254 on January 30, 2021, which was denied and dismissed with prejudice as time barred. *Garrison v. Dir., TDCJ-CID*, Civil Action No. 4:21-cv-084 (Dkts. ## 14, 16, 17).

On April 15, 2022, Petitioner filed the instant § 2254 petition, asserting bias by the district attorney and ineffective assistance of counsel. (Dkt. # 1, pp. 6-7). The Director was not ordered to file a response.

## II.  SUCCESSIVE PETITIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. *See* 28 U.S.C. § 2244(b). Under Fifth Circuit precedent, "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was

or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[1] The "fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission." *Crone*, 324 F.3d at 837. A petition that is literally second or successive, however, is not a second or successive application for purposes of AEDPA if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies). To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review.

Petitioner has filed at least two previous federal habeas corpus petitions challenging the same conviction. This Court does not have subject matter jurisdiction to consider Petitioner's current petition unless he receives permission from the Fifth Circuit to file a successive petition. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not shown that he has permission from the Fifth Circuit to file the present petition; accordingly, the current petition should be dismissed unless Petitioner shows within fourteen days from the receipt of this Report and Recommendation that he received permission from the Fifth Circuit to file this new successive petition. *See In re Epps*, 127 F.3d 364 (5th Cir. 1997).

### III. RECOMMENDATION

It is recommended the petition for writ of habeas corpus be dismissed without prejudice as a successive petition. Within fourteen days after service of the magistrate judge's report, any party

---

[1] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See Orozco-Ramirez*, 211 F.3d at 864 n.4. In the present context, this Court also finds it appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 6th day of May, 2022.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE